

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 105 Maxess Road, Suite 124, Melville, NY 11747   e: jmaguire@stevensonmarino.com

July 7, 2022

<u>Via ECF</u>
The Honorable Marcia M. Henry
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Rahmallah v. Happy Family Social Adult Center Inc. et al.*
             <u>Docket No.: 21-cv-3277-MMH</u>

Dear Judge Henry:

    We represent Plaintiff, Nawal Rahmallah, in the above-referenced matter alleging wage and hour claims against Happy Family Social Adult Center Inc., Family Social Adult Day Care Inc., Zakia Khan, and Ahsan Ijaz (collectively as "Defendants") under the Fair Labor Standards Act and the New York Labor Law. We write now to respectfully request that the Court schedule a conference and require Defendants to appear, in light of their counsel's representation that Defendants are not responding to them following the parties' settlement of the matter.

    As the Court is aware, on May 6, 2022, the parties engaged in private mediation, resulting in a settlement in principle, with a fully executed term sheet entered into by the parties. Attached as Exhibit "1" is a true and correct copy of the term sheet. Importantly, this settlement resolved not just this action, but it also resolved another action between the parties pending in New York Supreme Court, Kings County, captioned "*Family Social Adult Day Care, Inc. v. Rahmallah et al.*, Index No. 502569/2021, (N.Y. Sup. Ct., Kings Cnty.)" As stated in Defendants' counsel's declaration in support of their motion to withdraw as counsel, the parties then drafted a settlement agreement, which Defendants' counsel sent to Defendants on May 27, 2022. Unbeknownst to Plaintiff's counsel, Defendants never responded to their counsel following that date with respect to the terms of the agreement. Indeed, when Plaintiff filed the motion on Defendants' consent on June 28, 2022, requesting an extension of the parties' deadline to file their motion for settlement approval to July 15, 2022, Plaintiff was not aware of the issue concerning Defendants' failure to respond to their counsel.

    While it is unclear if Defendants are attempting to renege on the settlement agreement at this juncture, Defendants should not be permitted to completely ignore the Court's order in the

action. Moreover, permitting Defendants' counsel to withdraw at this late stage and staying the action in the interim is unfair to Plaintiff and only serves to afford Defendants more time despite their disregard of the Court's deadlines. Furthermore, as the Court is aware, this would be the second time in this action that Defendants changed their counsel. *See* Dkt. No. 14.

In light of the parties' settlement after expending significant expense on private mediation, memorialized by a term sheet, and because Defendants' counsel's motion to withdraw is based solely on Defendants' lack of communication with their counsel, Plaintiff respectfully requests that this Court schedule a conference and require Defendants to appear.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Jeffrey R. Maguire
Stevenson Marino LLP

C: Counsel for Defendants (via ECF)