# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAWAL RAHMALLAH, | ) |
| Plaintiff, | ) No. 1:21-cv-03277 |
| -against- | ) |
| HAPPY FAMILY SOCIAL ADULT CENTER INC., FAMILY SOCIAL ADULT DAY CARE, INC., ZAKIA KHAN, and AHSAN IJAZ, | ) |
| Defendants. | ) |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| FAMILY SOCIAL ADULT DAY CARE INC. and HAPPY FAMILY SOCIAL ADULT DAY CARE INC., | ) Index No. 502569/2021 |
| Plaintiffs, | ) |
| -against- | ) |
| NAWAL RAHMALLAH and MARINA SENIOR CENTER INC., | ) |
| Defendants. | ) |

### Term Sheet

Happy Family Social Adult Center Inc., Family Social Adult Day Care, Inc., Zakia Khan, and Ahsan Ijaz (collectively, "Family Social") agrees to pay Nawal Rahmallah ("Rahmallah") (hereinafter, Family Social and Rahmallah will be referred to collectively as the "Parties") the total gross sum of $100,000.00 (the "Settlement Amount") in full settlement and satisfaction of all disputes between the parties, inclusive of legal fees and costs, subject to the following conditions:

1. Rahmallah agrees to dismiss, with prejudice, all claims asserted in the civil action *Rahmallah v Happy Family Social Adult Center Inc.*, Case No. 1:21-cv-03277 against all named defendants in said action. There is no prevailing party and each side will incur their separate legal fees and expenses.

1

2. Family Social agrees to dismiss, with prejudice, all claims asserted in the civil action *Family Social Adult Day Care Inc., et al. v. Nawal Rahmallah, et al.*, Index No. 502569/2021 against Rahmallah and Marina Senior Center Inc. There is no prevailing party and each side will incur their separate legal fees and expenses.

3. The Parties agree to a full mutual general release of all claims.

4. The Settlement Amount will be payable through three (3) monthly payments beginning thirty (30) days after judicial approval of the full settlement agreement between the parties. The first payment will be in the amount of $34,000.00; the second payment will be in the amount of $33,000.00; and the third payment will be in the amount of $33,000.00.

5. The Parties will enter into a mutually acceptable full settlement agreement reflecting the terms in this document and such other appropriate terms and conditions to effectuate a full and complete settlement of all disputes and claims.

6. There is no admission of liability by any party.

7. Besides attorney's fees and cost related payments, 50 percentage of the settlement payment after attorney fees and costs are deducted, will be made to Plaintiff on a 1099 basis without taxes withheld representing liquidated damages and prejudgment interest, with the remaining 50 percent on a W-2 form representing wages.

8. Rahmallah agrees to indemnify Family Social for Rahmallah's 1099 portion of any taxes determined to be due and owing as a result of the settlement by any taxing authorities.

9. This Term Sheet and the full settlement agreement to be entered into by the Parties is enforceable only if the settlement agreement is approved by the Court in United States District Court for the Eastern District of New York. If the Court rejects the settlement agreement, for any reason, the parties shall use best efforts to reach an agreement acceptable to the Parties and the Court.

Dated: May 6, 2022

LEVINE & BLIT, PLLC

*Attorneys for Family Social*

By: _____
Justin S. Clark, Esq.

STEVENSON MARINO LLP

*Attorneys for Rahmallah*

By: _____
Jeffrey R. Maguire, Esq.

2